The Honorable Sheila Lumpe Representative, District 88 6908 Amherst University City, Missouri 63130
Dear Representative Lumpe:
This opinion is in response to your question asking:
 Whether Mo. Rev. Stat. Sec. 188.205
(1989) which prohibits public funds from being expended to encourage or counsel women to have abortions not necessary to save her life prohibits libraries (whether public or private which receive public support) from cataloging, housing, or circulating abortion material?
Section 188.205, RSMo 1986, states as follows:
 188.205. Use of public funds prohibited, when. — It shall be unlawful for any public funds to be expended for the purpose of performing or assisting an abortion, not necessary to save the life of the mother, or for the purpose of encouraging or counseling a woman to have an abortion not necessary to save her life.
In Webster v. Reproductive Health Services, 492 U.S. ___,109 S.Ct. 3040, 106 L.Ed.2d 410 (1989), the United States Supreme Court reversed the decision by the Eighth Circuit Court of Appeals which had declared the "encouraging and counseling" language of Section 188.205 unconstitutionally vague and had further held the Missouri statute to be an unacceptable infringement of a woman's Fourteenth Amendment right to choose an abortion. The Supreme Court reversed because the controversy was moot in that the appellees contended before the Supreme Court that they were not adversely affected under the State's interpretation "that § 188.205 `is not directed at the conduct of any physician or health care provider, private or public,' but `is directed solely at those persons responsible for expending public funds.'" Id. at 3053.
Although the decision of the Supreme Court in Webster v.Reproductive Health Services, supra, does not directly answer your question, certain arguments set forth in the State's brief clearly indicate that your question must be answered in the negative. The Attorney General submitted the following argument in the State's brief on appeal:
 The language which must be examined is "[f]or the purpose of encouraging or counseling a woman to have an abortion not necessary to save her life." In Black's Law Dictionary "encourage" is defined as follows:
 In criminal law. To instigate; to incite to action; to give courage to; to inspirit; to embolden; to raise confidence; to make confident; to help; to forward; to advise.
 Black's Law Dictionary, 620 (4th ed. 1957). "Counseling" is defined as:
 3. Advice given by one person to another in regard to a proposed line of conduct . . . .
 Id. at 418.
 When one reads the terms "counseling" and "encouraging" in the context of the rest of the sentence, it is clear that the statute has a much narrower and specific reach than suggested by the court of appeals. The courts below read the terms as though they referred to "`encouraging or counseling' women about abortions" generally. The Attorney General of Missouri submits that this restriction [§ 188.205] is clearly designed to prohibit the expenditure of public funds for the identified purpose of affirmatively advocating to a particular woman that she undertake an abortion procedure not necessary to save her life. The statute does not prohibit the use of public funds to provide information regarding abortions or to inform a woman of the options she may have to cope with an unwanted pregnancy.
* * *
 Section 188.205 is not directed at the conduct of any physician or health care provider, private or public. Instead, it is directed solely at those persons responsible for expending public funds. . . . Section 188.205 directs public officials and governing bodies not to expend funds under their control for the purpose of performing abortion services, including counseling women to have elective abortions.
 The statute does not forbid incidental conduct or the incidental use of funds for counseling, so long as the expenditure has a legitimate public purpose. The section refers to "encouraging" and "counseling" for a particular line of proposed conduct. The section is not vague on this score.
Webster v. Reproductive Health Services, supra, Brief for Appellants, p. 42, 43.
Although the precise language utilized in Section 188.205
has not been construed by any state court, there is no reason to depart from the statutory construction submitted on behalf of the State in the process of defending the constitutionality of the legislation. That construction is reasonable and narrowly drawn so as to avoid any unnecessary infringement of First Amendment rights.
Section 188.205 seeks to prevent public funds from being used for the specific purpose of affirmatively advocating that a woman have an elective abortion. The dissemination of information by a library about abortion does not constitute advocacy of any course of conduct; therefore, the expenditure of public funds is not barred by the statute in question.
CONCLUSION
It is the opinion of this office that Section 188.205, RSMo 1986, does not prohibit libraries (whether public or private which receive public support) from cataloging, housing, or circulating abortion material.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General